**United States District Court**
For the Northern District of California

1
2
3
4                        UNITED STATES DISTRICT COURT
5                        NORTHERN DISTRICT OF CALIFORNIA
6
7    WILLIAM SVOBODA,                          No. C-10-01788 JCS
8              Plaintiff,
                                               **ORDER DENYING PLAINTIFF'S**
9         v.                                   **MOTION TO REMAND THE CASE TO**
                                               **STATE COURT UNDER 28 U.S.C.**
10   DEUTSCHE BANK SECURITIES, INC.,           **SECTION 1447(c) [Docket No. 12],**
                                               **VACATING MOTION HEARING AND**
11             Defendant.                      **MOVING CASE MANAGEMENT**
     _____/      **CONFERENCE FROM 9:30 a.m. TO 1:30**
12                                             **p.m. ON AUGUST 13, 2010**
13

14   **I.    INTRODUCTION**

15         This action arises out of the employment termination of Plaintiff William Svoboda by

16   Defendant Deutsche Bank Securities, Inc.  Defendant removed the case from state to federal court

17   pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  Presently before the Court is Plaintiff's Motion to

18   Remand the Case to State Court Under 28 U.S.C. § 1447(c) ("the Motion").  In the Motion, Plaintiff

19   seeks remand on the basis that Defendant's removal was untimely under 28 U.S.C. § 1446(b).  The

20   Court finds that the Motion is suitable for determination without oral argument, pursuant to Civil

21   Local Rule 7-1(b), and therefore **vacates the August 13, 2010 Motion hearing.  The Case**

22   **Management Conference scheduled for the same date shall remain on calendar but will be**

23   **conducted at 1:30 p.m. on August 13, 2010 rather than 9:30 a.m., as previously scheduled.**   For

24   the reasons stated below, the Motion is DENIED.[1]

25
26
27   _____

28        [1] The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to
     28 U.S.C. § 636(c).

**United States District Court**
For the Northern District of California

## II.    PROCEDURAL BACKGROUND

In approximately September 2007, Deutsche Bank Securities, Inc. ("Deutsche Bank") hired William Svoboda to fill the position of Regional Executive of its San Francisco office. Compl. ¶ 6. Svoboda alleges that although he performed his job well and did not receive substantive negative feedback, he was terminated from this position on April 21, 2009. *Id.* at ¶ 7. On May 27, 2009, Plaintiff's former counsel, James Dunbar, sent Defendant a letter stating that it was apparent Plaintiff's termination was not performance-based, but rather an age-based decision. Declaration of Cliff Palefsky in Support of Plaintiff's Motion to Remand the Case to State Court Under 28 U.S.C. § 1447(c) ("Palefsky Decl."), Ex. 1. In the letter, Dunbar asserted that Svoboda had "lost his income stream from Deutsche Bank, where his compensation for 2008 amounted to $800,000," and suffered damage to his reputation. *Id.* Dunbar further stated that Svoboda was interested in "resolv[ing the dispute] fairly if there [was] a way to do so before litigation." *Id.* In a follow-up letter, dated June 11, 2009 ("the June 2009 Settlement Letter"), Dunbar demanded $600,000.00 on Svoboda's behalf, that is, an amount equal to three-quarters of Svoboda's 2008 pay, to resolve the dispute. Palefsky Decl., Ex. 2.

The matter was not resolved informally and Svoboda sued Deutsche Bank in the Superior Court for the State of California, County of San Francisco, on January 14, 2010. Declaration of Robert B. Martin III In Support of Deutsche Bank Securities, Inc.'s Notice of Removal Action ("Martin Decl."), Ex. A (Complaint). The Complaint was served on Deutsche Bank on January 27, 2010. *Id.,* Ex. B. In the Complaint, Plaintiff asserts claims for age discrimination in violation of California Government Code Section 12940(a) and for wrongful termination in violation of public policy. Compl. ¶¶ 12, 16. While Plaintiff alleges in the Complaint that his damages include "loss of income and benefits," nowhere does he allege a specific dollar amount in damages. *Id.* at 1.

On March 16, 2010, Deutsche Bank served form interrogatories on Plaintiff requesting information about Plaintiff's claimed damages. Martin Decl. ¶ 6 & Ex. C. Svoboda served responses on Deutsche Bank on March 25, 2010. Martin Decl. ¶ 7 & Ex. D. In the responses,

2

United States District Court

For the Northern District of California

Svoboda stated that his total lost income as of March 2010 resulting from his termination was $902,568.00. *Id.*

On April 26, 2010, Defendant filed a Notice of Removal of Action Under 28 U.S.C. §§ 1332, 1441, and 1446 (Diversity) [Docket No. 1] ("Notice of Removal") asserting that the Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because complete diversity exists between Plaintiff and Defendant and the amount in controversy exceeds $75,000.00. Notice of Removal ¶¶ 4, 14. Defendant stated that the removal was timely because the amount in controversy was not evident from the face of the Complaint and therefore, Defendant could not ascertain whether the case was removable until it was served with Plaintiff's interrogatory responses. Notice of Removal ¶ 17 (citing *Harris v. Bankers Life & Cas. Co,* 425 F.3d 689 (9th Cir. 2005)( "If no ground for removal is evident in [the complaint] . . . , the notice of removal may be filed within thirty days after the defendant receives 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper")). At that point, Defendant asserted, the thirty-day time period for removal began to run under 28 U.S.C. § 1446(b).

Svoboda now brings a Motion to Remand, asserting that the case should be remanded to state court because removal was untimely.[2] In support of this position, Svoboda cites to the June 2009 Settlement Letter, in which it was expressly stated that Svoboda was seeking $600,000.00, that is, three quarters of the amount of his previous year's salary, to settle his claims. Motion at 5-6. Plaintiff argues that because of this letter, Defendant *knew* at the time the complaint was filed that the amount-in-controversy requirement for diversity jurisdiction was satisfied and therefore, the thirty-day period for removal began to run when the complaint was served. *Id.* Plaintiff challenges Defendant's reliance on *Harris* to show that removal was timely, arguing that the bright-line rule set forth in *Harris* does not apply when a defendant has objective information in its possession at the time the complaint is filed which, when considered in tandem with the allegations of the complaint, makes clear that the action is removable. *Id.* at 7-9 (citing *Molina v. Lexmark Int'l, Inc.,* No. 08-

---

[2]Plaintiff does not dispute that the requirements for diversity jurisdiction under 28 U.S.C. § 1332(a) are satisfied.

**United States District Court**
For the Northern District of California

04796, 2008 WL 4447678 (C.D. Cal. Sept. 30, 2008); *Kohan Prods. Ltd. v. Comerica Bank*, No. 10-0034, 2010 WL 956402 (C.D. Cal. Mar. 11, 2010); *KDY, Inc. v. Hydroslotter Corp.*, No. 08-4074, 2008 WL 4938281 (N.D. Cal. Nov. 17, 2008)).  Svoboda also  cites to *Cohn v. Petsmart*, 281 F.3d 837 (9th Cir. 2002), and *Babasa v. LensCrafters, Inc.*, 498 F.3d 972 (9th Cir. 2007), in which the Ninth Circuit held that settlement letters were sufficient to establish the amount in controversy for the purposes of removal.  *Id.* at 5.

### III.    ANALYSIS

The time periods for removal of a state court action to federal court are set forth in 28 U.S.C. § 1446(b), which provides as follows:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).  In other words, there are "two thirty-day windows during which a case may be removed – during the first thirty days after the defendant receives the initial pleading [hereinafter, "the first thirty-day window"] or during the first thirty days after the defendant receives a paper 'from which it may first be ascertained that the case is one which is or has become removable' if 'the case stated by the initial pleading is not removable [hereinafter, "the second thirty-day window]."" *Harris v. Bankers Life and Casualty Co.*, 425 F.3d 689, 692 (9th Cir. 2005) (quoting 28 U.S.C. § 1446(b)).

In *Harris*, the Ninth Circuit joined a number of other circuits in establishing a bright-line rule for determining whether the first thirty-day window is triggered by receipt of the initial pleading, holding that "notice of removability under § 1446(b) is determined through examination of the four

4

United States District Court

For the Northern District of California

corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris*, 425 F.3d at 694.  Thus, the "first thirty-day requirement is triggered by defendant's receipt of an 'initial pleading' that reveals a basis for removal," and "if no ground for removal is evident in the pleading, the case is 'not removable' at that stage." *Id.*  The court cited a number of "jurisdictional and procedural interests served by a bright-line approach." *Id.* at 697. First, the court found that objective analysis of the pleadings allows for certainty and predictability, without delving into "whether the pleadings contain[] a sufficient 'clue,' whether defendant had subjective knowledge, or whether defendant conducted sufficient inquiry." *Id.*  Second, the court found that this approach would protect judicial resources by avoiding the need for courts to conduct mini-trials to determine what a defendant knew at the time it received the initial state-court complaint. *Id.*  Third, the court reasoned that an approach that looks only to the four corners of the complaint would reduce the likelihood of premature removal on the part of defendants who are uncertain whether the requirements of removal are satisfied and do not want to risk waiving their right to remove on the basis of untimeliness. *Id.*  Finally, the court concluded that an objective approach was consistent with the rule that removal statutes should be construed narrowly in order to protect state court jurisdiction. *Id.* at 698.

The Ninth Circuit in *Harris* expressly approved the Fifth Circuit's decision in *Chapman v. Powermatic, Inc.*, 969 F.2d 160 (5th Cir. 1992), a case that is factually on point with the facts in this case. *Id.* at 695 n. 5.  In *Chapman*, the plaintiff was a high school student who was injured in a woodworking shop while using a wood planer.  969 F.2d at 160-161.  In March 1990, three months prior to initiating a state court action against the manufacturer of the wood planer, the plaintiff's attorney sent a letter to the manufacturer stating that the plaintiff had incurred medical expenses in the amount of $67,196.48.[3] *Id.* at 161.  The subsequent month, the plaintiff provided the defendant's investigator with copies of the plaintiff's medical bills. *Id.*  The plaintiff's state court complaint, however, which was filed in June 1990, did not plead a specific amount of damages. *Id.*  On August

---

[3]At the time of the removal in *Chapman*, the amount-in-controversy requirement under 28 U.S.C. § 1332(a) was $50,000.00.

United States District Court

For the Northern District of California

17, 1990, the plaintiff provided interrogatory responses stating that he had suffered damages in excess of $800,000.00 and the defendant removed to federal court on August 27, 1990. *Id*. The plaintiff brought a motion to remand, arguing, like Plaintiff in this case, that the filing of the complaint triggered the first thirty-day period because the defendant knew, based on the pre-suit demand letters, that the amount in controversy exceeded $50.000.00. *Id*.

In rejecting the plaintiff's position, the court in *Chapman* addressed both the first and the second thirty-day windows referenced in § 1446(b). With respect to the first thirty-day window, which begins to run when an initial pleading is filed, the *Chapman* court adopted the bright-line rule discussed above in reference to *Harris*, reasoning that such an approach promotes certainty and judicial efficiency. *Id*. at 163. The court went on to reason that the second thirty-day window could not apply because the plain language of § 1446(b) makes clear that an "other paper" can only refer to a document that a defendant receives *after* it receives the initial pleading. *Id*. at 164. Thus, even though the defendant "tacitly concede[d] that it knew that the amount in controversy exceeded the . . . jurisdictional limit of the federal court when it received the initial pleading," *id.* at 162 n. 4, the court concluded that the removal was timely because the thirty-day period for removal did not begin to run until the defendant received the interrogatory responses clearly stating the amount of damages being sought by the plaintiff. *Id*. at 164.

This Court finds that the reasoning of *Chapman* is persuasive and further, that the specific holding in that case with respect to pre-suit settlement letters is consistent with *Harris*. Were the Court to consider the June 2009 Settlement Letter, it would undermine the certainty that the *Harris* rule was intended to provide, opening up an inquiry regarding what Deutsche Bank knew or reasonably believed as to Svoboda's damages and whether the letter was reliable evidence of the amount of damages sought by Svoboda in his complaint. *See, e.g., Nawab v. Markel Insurance Company*, No. 08-05750, 2009 WL 3517605, * 1-2 (N.D. Cal. Oct. 26, 2009) (holding that where complaint did not expressly state amount sought on claim, pre-suit settlement sent 10 months before complaint was filed, when plaintiff was represented by different counsel, did not give rise to obligation on part of defendant to remove within thirty days of receipt of complaint because letter

6

**United States District Court**

For the Northern District of California

was not reliable evidence of amount sought on claim when complaint was filed).  The Court declines to engage in such an inquiry.  Rather, the Court concludes that the initial state court pleading in this action did not trigger the first thirty-day window for removal, even if Deutsche Bank may have actually been aware of the amount in controversy based on the June 2009 Settlement Letter. Further, the Court agrees with the *Chapman* court that a pre-suit settlement letter cannot qualify as an "other paper" that starts the second thirty-day window running because the plain language of the statute limits "other paper[s]" to those that are filed *after* the initial pleading.  Therefore, the Court finds that the interrogatory responses received by Deutsche Bank on March 25, 2009 were the first document from which it could ascertain, on the face of the document, that the amount-in-controversy requirement is satisfied in this case.

Neither *Cohn* nor *Babasa*, cited by Plaintiff in the Motion, stand for a contrary result.  Both cases recognize the general proposition that a settlement letter may put a defendant on notice of the amount in controversy; however, in *Babasa* the letter was sent subsequent to the filing of the lawsuit, and in *Cohn*, there is no discussion of when the settlement letter was received.  *Babasa*, 498 F.3d at 976; *Cohn*, 281 F.3d at 840.  Neither case addresses whether a settlement letter received *before* an action is initiated may be considered in determining whether removal was timely.

Finally, the Court rejects Plaintiff's reliance on a line of cases holding that the existence of federal diversity jurisdiction may be clear on the face of the complaint, for the purposes of § 1446(b), even where the defendant's citizenship is not expressly alleged.  *See, e.g., Cretian v. Job1USA, Inc.*,  2009 WL 4841039 (D. Or. Dec. 11, 2009); *KDY, Inc. v. Hydroslotter Corp.*, 2008 WL 4938281 (N.D. Cal. Nov. 17, 2008).  These cases merely stand for the unremarkable proposition that a defendant may be presumed to know certain basic personal facts about itself, such as its own citizenship, without invoking the concerns at issue in *Harris*.  The Court finds no basis for expanding this very limited exception to facts relating to the amount in controversy.

**IV.      CONCLUSION**

For the reasons stated above, Plaintiff's Motion is DENIED.

IT IS SO ORDERED.

Dated:  August 6, 2010

_____
JOSEPH C. SPERO
United States Magistrate Judge

**United States District Court**
For the Northern District of California

8